UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JUSTIN RYAN SLOVER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RONALD SCHILDMEIRE, )<br>)<br>Defendant. ) | No. 1:22-cv-01047-TWP-TAB |

**Order Dismissing Complaint and Opportunity to Show Cause**

Plaintiff Justin Ryan Slover ("Slover") is a prisoner currently incarcerated at Pendleton Correctional Facility. He filed this civil action alleging violations of his civil rights stemming from the disclosure of medical information. Because Slover is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent

standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Slover names one defendant in his complaint: Ronald Schildmeire. He alleges that Schildmeire received his medical information from the medical unit at his facility and disclosed the information during the course of litigation in other matters. Slover alleges that this disclosure was a violation of his right to privacy in the maintenance of his health information.

## III. Dismissal of Complaint

Applying the screening standard to the facts alleged in the complaint, the complaint must be dismissed for failure to state a claim upon which relief may be granted.

This action is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Slover's claim against Schildmeire for allegedly disclosing his medical information during litigation must be dismissed. The Health Insurance Portability and Accountability Act ("HIPAA") provides both civil and criminal penalties for improper disclosures of medical information, but Congress has limited the enforcement of this statute to the Secretary of Health and Human Services. As a result, Courts have uniformly held that HIPAA does not create a private cause of action or an enforceable right for purposes of a suit under 42 U.S.C. § 1983. *E.g. Carpenter v. Phillips*, 419 F.App'x 658, 659 (7th Cir. 2011); *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010); *Seaton v. Mayberg,* 610 F.3d 530, 533 (9th Cir. 2010); *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267

n. 4 (10th Cir. 2010); *Sneed v. Pan American Hosp.*, 370 F. App'x 47, 50 (11th Cir. 2010). Accordingly, Slover's claim against Schildmeire for allegedly disclosing his medical information is **dismissed for failure to state a claim upon which relief can be granted**.

Because the Court has been unable to identify a viable claim for relief against the defendant, the complaint is subject to dismissal.

### IV. Opportunity to Show Cause

The plaintiff's complaint must be dismissed for each of the reasons set forth above. The plaintiff shall have **through January 28, 2023,** in which to show cause why Judgment consistent with this Order should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."); *Jennings v. City of Indianapolis*, 637 F. App'x 954, 954–955 (7th Cir. 2016) ("In keeping with this court's advice in cases such as *Luevano* . . . , the court gave Jennings 14 days in which to show cause why the case should not be dismissed on that basis.").

**SO ORDERED.**

Date: 1/4/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JUSTIN RYAN SLOVER
203726
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064